IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

HAROLD DAVIS,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

Cv. No. 2:19-cv-02286-SHM-tmp
Cr. No. 2:14-cr-20310-SHM-01

**ORDER DENYING MOTIONS TO SUPPLEMENT § 2255 MOTION
AND
ORDER DENYING MOTION FOR STATUS REPORT AS MOOT**

Before the Court are Movant Harold Davis' Motions to Supplement Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF Nos. 22 & 23) and Motion for Status Report. (ECF No. 24.)

On September 21 and October 14, 2021, Movant Davis filed motions seeking to supplement the § 2255 Motion with unspecified claims. (ECF No. 21 & 22). Davis' pleadings do not indicate whether he has sought consent from the United States to add additional claims to his § 2255 Motion.

Construed as motions to amend the § 2255 Motion, the motions are untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996) (codified, *inter alia*, at 28 U.S.C. §§ 2244, *et seq.*) (AEDPA) created a statute of limitations for filing habeas petitions under § 2255. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Paragraph 6 of 28 U.S.C. § 2255 provides:

    A 1-year period of limitation shall apply to a motion under this section.
The limitation period shall run from the latest of—

    (1) the date on which the judgment of conviction becomes final;

    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

"[F]or purposes of collateral attack, a conviction becomes final at the conclusion of direct review." *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001). The Supreme Court has held that, for purposes of postconviction relief, "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Davis' judgment became final on April 23, 2018, when the Supreme Court denied his petition for a writ of certiorari. (Cr. ECF No. 143.) The § 2255 time period began running and expired one year later, on April 23, 2019.

  The mandate of Fed. R. Civ. P. 15(a), that a court freely grant leave to amend when justice so requires, has been interpreted to allow supplementation and clarification of claims initially raised in a timely § 2255 Motion. *See Anderson v. United States*, No. 01-2476, 2002 WL 857742 at *3 (6th Cir. May 3, 2002); *Oleson v. United States*, 27 Fed. App'x 566 (6th Cir. Dec. 14, 2001). The time to amend to raise additional claims expired on April 23, 2019.

  Once the statute of limitations has expired, allowing amendment of a petition to allege additional grounds for relief would defeat the purpose of the AEDPA. *Oleson*, 27 Fed. App'x at

2

571 (citing *United States v. Thomas*, 221 F.3d 430, 436 (3d Cir. 2000) ("[A] party cannot amend a § 2255 petition to add a completely new claim after the statute of limitations has expired.")). The Motions to Amend are untimely and are **DENIED**.

On March 17, 2022, Movant filed a motion for status report seeking a "notice, disposition, status report or hearing" on his § 2255 Motion. (ECF No. 24.) Movant has now notified the Court that he has "decided to stand behind the grounds, 6th Circuit and Supreme Court precedent originally asserted in the principal brief of his" § 2255 Motion. (*Id.* at 2, ¶ 5.) The Court will proceed with the determination of the § 2255 Motion. The motion for status report is **DENIED** as **MOOT**.

**IT IS SO ORDERED,** this 19th day of April 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE